United States Court of Appeals,

Fifth Circuit.

No. 92-5290.

Thomas H. BURKS, Plaintiff-Appellee,

v.

AMERADA HESS CORPORATION and Alan Fuller, Defendants-Appellants.

Dec. 7, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM, HIGGINBOTHAM, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Thomas H. Burks was an employee of Amerada Hess Corporation ("Hess") who suffered an on-the-job injury and filed for workers' compensation. Shortly thereafter, Hess fired Burks, allegedly for using company property for his personal benefit during work hours. Burks contended that he was fired in retaliation for making a workers' compensation claim, and he filed suit in Texas state court against Hess and Alan Fuller, a Hess manager. Later he amended his complaint, alleging intentional infliction of emotional distress, unlawful termination, slander, libel, and defamation, all arising from the termination of employment and the denial of his long-term benefits. The defendants removed to federal court, basing jurisdiction upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. After Burks amended his complaint once again, the district court remanded to state court. Because we find that the district court abused its discretion by remanding, we reverse.

**I.**

Burks's original petition in state court, filed in March 1991, claimed that Hess fired him in retaliation for filing a worker's compensation claim and alleged the following:

Defendant's firing of Plaintiff is a violation of Article 8307(c) Texas Revised Civil Statutes which prevents employers from firing workers who have filed worker's compensation claims.... As a result of Defendant's unlawful action, Plaintiff has suffered damages. Plaintiff Burks has suffered lost wages in the past and will suffer lost wages in the future. Plaintiff has also as a result of his employment, received additional benefits such as health insurance and retirement benefits. As a result of his firing, Plaintiff will not [sic] longer receive such

benefits.

In April 1992, Burks replaced the original petition with a first amended petition containing the following language:

> Defendant's firing of Plaintiff is a violation of Article 8307(c) Texas Revised Civil Statutes which prevents employers from firing workers who have filed worker's compensation claims. Plaintiff was fired immediately upon his return to work from being off due to an on-the-job injury, and further his employer denied his long-term disability benefits. The defendants' actions constitute an intentional infliction of emotional distress.
>
> * * * * * *
>
> Plaintiff would further show the Court that during his employment with AMERADA HESS CORPORATION he worked overtime and was never compensated for it or received any comp time. Plaintiff has overtime due and owing in the amount of $30,000.00.

Within thirty days of the filing of the second amended petition, Hess removed the case on the ground that Burks's claim for elimination of long-term disability benefits was preempted by ERISA.

In September 1992, Burks filed his second amended petition, which was identical to the first amended petition except that it omitted the paragraph containing the overtime compensation claim. Thus, the second amended petition contained the following statement:

> Defendant's firing of Plaintiff is a violation of Article 8307(c) Texas Revised Civil Statutes which prevents employers from firing workers who have filed worker's compensation claims. Plaintiff was fired immediately upon his return to work from being off due to an on-the-job injury, and further his employer denied his long-term disability benefits. The defendants' actions constitute an intentional infliction of emotional distress.

In November 1992, the district court ordered the case remanded to state court[1] and rejected Hess's motion to reconsider the remand, holding that the emotional distress claim contained in the second amended complaint was not preempted.

## II.

The first issue we must deal with is whether we have appellate jurisdiction over the remand order. At first glance, 28 U.S.C. § 1447(d) appears to preclude appellate review of any remand order. It reads,

> An order remanding a case to the State court from which it was removed is not reviewable

---

[1]The court reasoned that it had "allowed plaintiff to amend his petition and omit any allegation that his emotional distress resulted from a denial of benefits." In truth, the second amended complaint still alleged the emotional distress claim.

on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Despite its broad language, § 1447(d) applies only to remands made pursuant to § 1447(c). *Thermtron Prods. v. Hermansdorfer,* 423 U.S. 336, 350-52, 96 S.Ct. 584, 593-94, 46 L.Ed.2d 542 (1976). Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. The district court's rationale for remanding is that it has discretion not to exercise its jurisdiction over pendent state claims.[2] Because this rationale is not a ground for remand under § 1447(c),[3] we can review the remand order.[4] *J.O. v. Alton Community Unit School Dist. 11,* 909 F.2d 267 (7th Cir.1990) (order based upon district court's discretion to remand pendent state claims is reviewable); *Rothner v. City of Chicago,* 879 F.2d 1402 (7th

---

[2]According to the district court,

> However, the issue before the court is not whether the case was properly removed, but whether the court should remand the case to state court when only state law claims remain.
>
> > The Supreme Court has held that ... a federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain.
>
> *Jones v. Roadway Express, Inc.,* 936 F.2d [789, 792 (5th Cir.1991) ] (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

[3]*Carnegie-Mellon,* 484 U.S. at 343 n. 11, 108 S.Ct. at 614 n. 11 ("The remand power that we recognize today derives from the doctrine of pendent jurisdiction and applies only to cases involving pendent claims. Sections 1441(c) and 1447(c), as the dissent recognizes, do not apply to cases over which the federal court has pendent jurisdiction. Thus, the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all."). Although § 1447(c) has been amended since *Carnegie-Mellon* was decided, the Supreme Court's analysis continues to apply.

[4]We can review an order to remand if the district court affirmatively states a non-§ 1447(c) ground for remand. *See Soley v. First Nat'l Bank of Commerce,* 923 F.2d 406, 409 (5th Cir.1991); *In re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642, 647 (5th Cir.1978) ("*Thermtron* announced only a narrow rule that was intended to be limited to the extreme facts of that case, in which a district judge stated openly that he was relying on a non-§ 1447(c) ground for remand."). Thus, a remand order is reviewable if it is based upon the *Carnegie-Mellon* rationale. On the other hand, a remand order is immune from review if it is based upon a ground contained in § 1447(c), such as lack of subject matter jurisdiction. *See Tillman v. CSX Transp.,* 929 F.2d 1023 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 176, 116 L.Ed.2d 139 (1991) (remand order stated that amendment to add another party "would destroy subject matter jurisdiction in this court"); *In re Weaver,* 610 F.2d 335, 337 (5th Cir.1980); *Merrimack,* 587 F.2d at 647-48.

Cir.1989) (same) (dictum); *In re Life Ins. Co. of N. Am.,* 857 F.2d 1190, 1193 n. 1 (8th Cir.1988); *Scott v. Machinists Automotive Trades Dist. Lodge No. 190,* 827 F.2d 589, 592 (9th Cir.1987) (same).

### III.

We review as a matter of law the district court's decision to remand the case. Although the district court ostensibly exercised its discretion to remand a case in which federal jurisdiction has disappeared, *see Carnegie-Mellon,* a district court has no discretion to remand a matter in which a federal-law claim still exists. *In re Wilson Indus.,* 886 F.2d 93, 96 (5th Cir.1989). Because the first and second amended complaints contain a claim that is preempted by federal law, the district court could not decline to hear the removed case.

Burks's second amended petition contains a claim that the denial of employee benefits by Hess constituted an intentional infliction of emotional distress.[5] The second amended petition reads,

> Plaintiff was fired immediately upon his return to work from being off due to an on-the-job injury, *and further* his employer denied his long-term disability benefits. The defendants' *actions* constitute an intentional infliction of emotional distress. [Emphasis added.]

The district court held that Burks's complaint, although inartfully pleaded, merely asserted a claim for emotional distress arising from wrongful termination and did not assert a claim for emotional distress arising from denial of benefits. We disagree.

We interpret the language quoted above to allege two different claims: first, that the firing of Burks was an intentional infliction of emotional distress; and second, that the denial of long-term disability benefits was an intentional infliction of emotional distress. The conjunctive phrase "and further" distinguishes the two claims. Also, the allegation of intentional infliction of emotional distress in the second sentence appears to relate back to both "actions": the wrongful discharge and the denial of benefits.

Further evidence that the two claims are separate can be found in Burks's response to Hess's motion for partial summary judgment:

---

[5]The second amended complaint was the current version of the complaint when the district court remanded.

[N]either is Summary Judgment proper as to the Plaintiff's claim for intentional infliction of emotional distress. The Defendant's [sic] actions in this case are extreme and outrageous. The Plaintiff was terminated the day he attempted to return from his injury. His attempting to return to work was against his doctor's recommendation. The Defendant's [sic] then advised the other employees of the company that the Plaintiff had been terminated for misconduct which was not true. The Defendant's [sic] conduct was further outrageous in that they attempted to get him to sign a release releasing them from all claims for wrongful termination *and attempted to deny him employee benefits to which he was rightly entitled.* These benefits were reinstated after action by the Plaintiff's lawyer. The Plaintiff has made no claim for the denial of these benefits but rather the Defendant's [sic] actions show their outrageous behavior. [Emphasis added.]

Thus, in the district court Burks sought to isolate the denial of benefits as an independent act that inflicted emotional distress.

In our view, Burks's second amended complaint alleges that Hess denied to him his employee benefits and that such denial was an intentional infliction of emotional distress.[6] As we held in *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir.1990), a cause of action for infliction of emotional distress arising from the denial of employee benefits is preempted by ERISA.[7]

The preemption clause in ERISA preempts all state laws that relate to ERISA plans.[8] A state cause of action for emotional distress arising from the denial of employee benefits determines when an employer can and cannot terminate an employee's benefits.

---

[6]Following oral argument, Burks has filed in this court a motion for leave to file a third amended complaint in federal district court. We deny that motion. While it appears that Burks has had ample opportunity to amend and is engaged in an obvious and somewhat frantic maneuver to avoid federal jurisdiction, we leave it up to the district court, in the first instance, to evaluate any further motion for leave to amend.

[7]In *Brown,* a relapse in a worker's chronic back condition allegedly prevented him from working. The employee's supervisors visited him at his home to inform him that his claim for additional disability benefits had been denied. They also told him that he would be fired if he did not return to work. Later, when the employee did not return to work, he was fired.

The employee sued the company for, among other things, intentional infliction of emotional distress, alleging that the company forced him to choose between his job and proper treatment of his medical condition. Because the "essence of [the plaintiff's] complaint was that "his claim for ERISA benefits was wrongly denied,' " we held the emotional distress claim was preempted.

[8]Title 29 U.S.C. § 1144(a) states,

Except as provided in subsection (b) of this section, the provisions of this subchapter and chapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

This is not a case in which the loss of benefits is merely an element in damages related to a claim for wrongful discharge. Burks's complaint expressly says that—independently of the wrongful discharge—his denial of benefits is illegal under state law.

## IV.

Burks argues, alternatively, that if the second amended complaint is preempted by ERISA, the original petition also was preempted by ERISA. Since Hess's notice of removal was filed more than thirty days after Hess received Burks's original petition, Burks argues that the notice of removal fails to meet the thirty-day requirement. A notice of removal must be filed within thirty days after receipt by the defendant of a document from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446.

The flaw with Burks's argument is that the original petition contained only state claims that were not preempted by ERISA. That petition alleged that Hess unlawfully discharged Burks for filing a worker's compensation claim. *See* TEX.REV.CIV.STAT.ANN. art. 8307c (West Supp.1993). The original petition plainly stated that the loss of benefit was merely part of damages caused by the termination:

> As a result of Defendant's unlawful action, Plaintiff has suffered damages. Plaintiff Burks has suffered lost wages in the past and will suffer lost wages in the future. Plaintiff has also as a result of his employment, received additional benefits such as health insurance and retirement benefits. *As a result of his firing, Plaintiff will not [sic] longer receive such benefits.* [Emphasis added.]

A claim that unlawful termination resulted in loss of benefits is not preempted by ERISA.[9] Because the original petition presented no question of federal law, the case was not removable until Burks filed his first amended petition, which contained an ERISA-preempted claim. Hess's notice of removal, filed within thirty days thereafter, was therefore proper.

In closing, we express our disapproval of Burks's attempt at forum manipulation. He has tried and failed to delete all of the federal claims from his complaint in order to get the district court to

---

[9]*Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1405 (9th Cir.1988); *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd mem.,* 742 F.2d 1441 (2d Cir.1983); *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *Morningstar v. Meijer, Inc.,* 662 F.Supp. 555, 557 (E.D.Mich.1987); *Rody v. Midland Enter.,* 685 F.Supp. 129 (M.D.La.1988).

remand.  In *Carnegie-Mellon,* 484 U.S. at 350, 108 S.Ct. at 619, the Court urged the lower federal courts to guard against such manipulation by denying motions to remand where appropriate.

The order of remand is REVERSED, and this matter is REMANDED to the district court for further appropriate proceedings.