**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 97-20840
_____


BRIDGETT GILES,
Individually and as the Personal Representative of
the Estate of Alex Giles, a Minor, Deceased,

Plaintiff-Appellee,

VERSUS

NYLCARE HEALTH PLANS, INCORPORATED, et al.,

Defendants,

NYLCARE HEALTH PLANS, INCORPORATED,
and
NYLCARE HEALTH PLANS OF THE GULF COAST, INC.,
Formerly Known as Sanus Health Plan, Incorporated,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

April 9, 1999

Before DAVIS, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


After her son Alex died while under a provider's care, Bridgett Giles sued her health maintenance organization ("HMO") alleging, *inter alia*, vicarious liability and negligence in

selecting the plan's providers.  After removal, the district court remanded to state court.  We affirm.


I.

Giles brought this medical malpractice case on behalf of Alex against NYLCare Health Plans of the Gulf Coast, Inc. ("NYLCare"), an HMO; the two doctors who treated Alex; and OneCare, the medical group that employs one of the doctors.  At the time of treatment, Alex and his mother were enrolled in a health plan offered by NYLCare through an employee benefit plan provided by Giles's employer, Sanus of Texas, Inc. (now known as NYLCare of Texas, Inc.).  The underlying basis of Giles's complaint is that one of the doctors failed to diagnose Alex's heart defect, resulting in death.

Giles originally sued NYLCare in state court for negligence, vicarious liability, breach of contract, misrepresentation, and breach of warranty.  NYLCare removed to federal court on the ground that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, preempts the claims.  Giles then amended, dropping the breach of contract, misrepresentation, and breach of warranty claims that she admitted were preempted, and moved for remand.  Relying primarily on *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir. 1995), the district court, noting that ERISA did not preempt Giles's remaining vicarious liability and

negligence claims, granted the motion, stating that "this is an appealable order because the basis of my ruling is an exercise of discretion to remand pendent state law claims."

II.

Before reaching the merits, we must examine the basis of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary. *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999); *Jones v. Collins*, 132 F.3d 1048, 1051 (5th Cir. 1998). We begin with 28 U.S.C. § 1447(d), which provides, "An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise . . . ." Interpreted *in pari materia* with § 1447(c), this indicates that an appellate court lacks jurisdiction to review a remand under § 1447(c); conversely, remands on other grounds may be reviewed.[1]

A § 1447(c) remand may not be reviewed even if the district court's order was erroneous. *See Thermtron*, 423 U.S. at 351; *Angelides*, 117 F.3d at 836. Reviewable non-§ 1447(c) remands are a narrow class of cases, meaning we review a remand order only if the district court "clearly and affirmatively" relies on a non-§ 1447(c) basis. *See Soley*, 923 F.2d at 409; *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1027 (5th Cir. 1991).

The record plainly demonstrates that the district court did not remand under § 1447(c). The court specifically noted that "this is an appealable order because the basis of my ruling is an

---

[1] *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976); *see also*, *e.g.*, *Angelides v. Baylor College of Med.*, 117 F.3d 833, 835-36 (5th Cir. 1997); *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 407-08 (5th Cir. 1991).

4

exercise of discretion to remand pendent state law claims."  Thus, the court affirmatively stated a non-§ 1447(c) reason for remanding and gave no indication that it believed it lacked subject matter jurisdiction.  In these circumstances, § 1447(d) does not deprive us of jurisdiction, and we review the district court's exercise of discretion to remand supplemental (formerly termed "pendent") state law claims.[2]

### III.

### A.

A lack of subject matter jurisdiction may be raised at any time,[3] which means we can examine the district court's jurisdiction for the first time on appeal.  Furthermore, a court *sua sponte* must raise the issue if it discovers it lacks subject matter jurisdiction.[4]  A well-pleaded complaint raising a federal question provides one basis for subject matter jurisdiction.[5]

---

[2] *Cf. Bogle*, 24 F.3d at 762 (5th Cir. 1994) (dismissing appeal of remand that discussed discretionary factors, because the district court had indicated its lack of a federal claim, and noting that "[t]he critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand").

[3] *See Bank One Tex., N.A. v. United States*, 157 F.3d 397, 399 (5th Cir. 1998), *petition for cert. filed* (Mar. 22, 1999) (No. 98-1534); *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.), *cert. denied*, 118 S. Ct. 1523 (1997).

[4] *See, e.g., Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999); FED. R. CIV. P. 12(h)(3) (providing that district court "shall dismiss the action" whenever "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter").

[5] *See* 28 U.S.C. § 1331 ("The district courts shall have original (continued...)

5

As we recently explained in *McClelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998), there are two types of preemption under ERISA. First, ERISA may occupy a particular field, resulting in complete preemption under § 502(a), 29 U.S.C. § 1132(a). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *McClelland*, 155 F.3d at 516-17.[6] This functions as an exception to the well-pleaded complaint rule; "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 64-65. Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action.

Furthermore, because such a claim presents a federal question, it provides grounds for a district court's exercise of jurisdiction upon removal.[7] If the plaintiff moves to remand, all the defendant

---

[5](...continued)
jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-54 (1908) (explaining well-pleaded complaint rule).

[6] As in *McClelland*, we make no comment on the breadth of ERISA's complete preemption under § 502(a). *See McClelland*, 155 F.3d at 517 n.34.

[7] *See* 28 U.S.C. § 1441 (providing for exercise of removal jurisdiction whenever district court could have exercised original jurisdiction); 29 U.S.C. § 1132(f) (conferring federal jurisdiction over ERISA civil enforcement claims); *see also, e.g., Anderson v. Electronic Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994) (holding that state claim that falls within § 502 civil enforcement
(continued...)

has to do is demonstrate a substantial federal claim, *e.g.*, one completely preempted by ERISA, and the court may not remand. Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367, even if it dismisses or otherwise disposes of the federal claim or claims.

## C.

Alternatively, ERISA might preempt a state law cause of action by way of conflict-preemption (also known as ordinary preemption) under § 514. *See* 29 U.S.C. § 1144. "State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995).[8]

The presence of conflict-preemption does not establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal oneSSas occurs with complete preemptionSSconflict preemption serves as a *defense* to a state action.[9]

---

[7](...continued)
provision is a federal claim, creating removal jurisdiction).

[8] *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23-27 (1983) (holding that preemption under § 514(a) does not permit removal when the plaintiff's state claim falls without the scope of ERISA's civil remedy provisions); *McClelland*, 155 F.3d at 516.

[9] *See Soley*, 923 F.2d at 408-09 (relying on distinction between complete
(continued...)

When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.

*Dukes*, 57 F.3d at 355 (citing *Franchise Tax Bd.,* 463 U.S. at 27-28).[10]

Hence, when a complaint raises state causes of action that are completely preempted, the district court may exercise removal jurisdiction. When a complaint contains only state causes of action that the defendant argues are merely conflict-preempted, the court must remand for want of subject matter jurisdiction. When a complaint raises both completely-preempted claims and arguably conflict-preempted claims, the court may exercise removal jurisdiction over the completely-preempted claims and supplemental jurisdiction (formerly known as "pendent jurisdiction") over the remaining claims.[11]

---

[9](...continued)
preemption and preemption defense and holding that the defense does not confer removal jurisdiction); *see also Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995) (noting that if issue is "merely" conflict analysis, it serves only as a defense, and the complaint is not recharacterized as federal).

[10] *See also Soley*, 923 F.2d at 409 (holding that, because remand after rejection of complete preemption is jurisdictional, district court's comments on preemption defense are irrelevant); 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

[11] *See, e.g., Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) (ensuring that § 502 preemption of one claim provides basis for jurisdiction, and then addressing conflict preemption of supplemental claims).

D.

We face one complication: *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 304 (5th Cir. 1993). As NYLCare contends, we ostensibly held in *Burks* that a court cannot remand without first deciding that the claims are not conflict-preempted.[12] We stated that

> [a]lthough the district court ostensibly exercised its discretion to remand a case in which federal jurisdiction has disappeared, a district court has no discretion to remand a matter in which a federal law claim still exists. Because the first and second amended complaints contain a claim that is preempted by federal law, the district court could not decline to hear the removed case.

*Id*. (citations omitted).

The only preemption we addressed in *Burks* was § 514(a) conflict preemption; we did not address complete preemption.[13] Apparently, we mistakenly held, contrary to Supreme Court precedent and *Soley*, that conflict preemption, rather than serving as merely a defense, transforms the cause of action into "a federal law claim" that the district court has no discretion to remand, thus serving as a "defense" to a remand motion.

---

[12] In a few cases, we have addressed the merits of conflict preemption where it appeared that that was the sole basisSShowever erroneousSSfor subject matter jurisdiction. *See Cypress Fairbanks Med. Ctr., Inc. v. Pan-American Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir.), *cert. denied*, 118 S. Ct. 167 (1997); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1295 (5th Cir. 1989). Even though subject matter jurisdiction can be raised *sua sponte*, we take nothing away from our failure to do so in these cases.

[13] It is possible that the district court originally had before it completely preempted claims, allowing an exercise of supplemental jurisdiction over the claims discussed on appeal; but the opinion makes no mention of that. Giles explains *Burks* as a denial of benefits case, which would bring it under § 502 preemption; but we did not treat it as such.

We now clarify that a district court has discretion to remand a case involving solely arguably conflict-preempted causes of action. To the extent it holds otherwise, *Burks* is not the binding law of this circuit, because it directly conflicts with both our precedent and Supreme Court precedent that hold that ERISA conflict preemption does not make a state cause of action federal.[14]

IV.

Giles originally alleged both claims that may have been completely preempted and putatively conflict-preempted claims. The former provide a basis for the district court to exercise jurisdiction over the entire case. Ordinarily, after deciding that certain claims are, in fact, completely preempted, it could dismiss those. It then either could exercise its discretion to remand the putatively conflict-preempted state causes of action, or continue with the remaining claims.

But Giles moved, in federal district court, to amend her complaint to eliminate the completely-preempted claims. The court granted the motion, so only arguably conflict-preempted claims

---

[14] *See United States v. Abrego*, 141 F.3d 142, 151 n.1 (5th Cir.) ("It has long been the rule of this court that no panel of this circuit can overrule a decision previously made by another.") (internal quotation marks omitted), *cert. denied*, 119 S. Ct. 182 (1998); *Goodwin v. Johnson*, 132 F.3d 162, 175-76 (5th Cir. 1997) (noting that we must rely on the prior panel's decision when later cases are inconsistent with its analysis); *Harvey v. Blake*, 913 F.2d 226, 228 n.2 (5th Cir. 1990) ("When two panel opinions appear in conflict, it is the earlier which controls.").

remain.[15] Then, after it assured itself that it had no completely-preempted claims and that comity favored remanding the state common law actions, the court exercised its discretion to remand.[16]

We review a discretionary remand of supplemental state law claims for abuse of discretion.[17] Concluding that the district court acted within its discretion, we affirm.

A district court, in its discretion, may remand supplemental state law claims when it has dismissed the claims that provide the basis for original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988). When deciding whether to remand supplemental claims, a court should examine economy, fairness, convenience, and comity. *See id*. at 353. Here, the district court concluded that economy, fairness, and convenience offer no reason to retain jurisdiction. The parties do not dispute that on appeal, nor do we.

The court found that comity also favors remand. Aside from a potential conflict-preemption defense, state law governs the

_____

[15] NYLCare has not argued on appeal that ERISA completely preempts the remaining claims.

[16] In fact, pressed by NYLCare's plausible but erroneous interpretation of circuit law, based on *Burks,* that the court could not remand the claims if an ordinary preemption defense remained, the court stated that it was "persuaded that under complete or conflict preemption, the allegations in the plaintiff's amended complaint does [sic] not relate to an ERISA plan," and then it remanded. As explained above, the court did not need to resolve the preemption defense issue before remanding and, as we discuss below, the court's one-line statement neither resolves the issue nor precludes NYLCare from raising the defense in state court.

[17] *See Metro Ford Truck Sales, Inc. v. Ford Motor* Co., 145 F.3d 320, 326 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 798 (1999); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996).

11

remainder of the case.  Giles has brought state common law causes of action that, in their instant application, relate to the regulation of health careSSan area of traditional state regulation.[18]  NYLCare does raise a federal law defense of ERISA preemption.  But state courts, being of equal dignity with federal courts, are equally competent to address that potential defense.[19] NYLCare has offered no other reason why comity might favor retaining federal jurisdiction.[20]  On the basis of the *Carnegie-Mellon* factors, the district court did not abuse its discretion in remanding.

In affirming this remand, we do not reach the merits of the conflict-preemption defense, nor is NYLCare precluded from asserting it in state court.[21]  The issue was not raised in the district court until NYLCare filed its last pleading, and then only briefly and under the erroneous view that conflict-preemption

---

[18]  Indeed, for this very reason the Supreme Court has cautioned, in the ERISA context, that we do not lightly infer preemption of state law unless "that was the clear and manifest purpose of Congress."  *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (citation omitted).

[19]  *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *Robb v. Connolly*, 111 U.S. 624, 637 (1884) (Harlan, J.); *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 216 (5th Cir.) (en banc), *cert. granted*, 119 S. Ct. 589 (1998).

[20]  NYLCare relies solely on *Burks*'s apparent requirement that a federal court retain jurisdiction despite a conflict-preemption defense because the defense transforms the cause of action into a federal one; NYLCare offers no other justification for exercising jurisdiction.

[21]  We make no comment on the viability of such a defense.

12

barred remand.  Giles did not discuss the issue in the district court, instead focusing on complete preemption.  The district court's order simply commands remand, and the court did not issue an opinion addressing conflict-preemption, but mentioned it only in the one sentence quoted above, that it was "persuaded that under complete or conflict preemption, the allegations in the plaintiff's amended complaint does [sic] not relate to an ERISA plan."[22]  Yet, the court never gave any explanation for this statement.

To the contrary, the court's reliance on *Dukes*, a complete-preemption case, as the case "that accurately decides this issue," indicates that the court did not fully consider the conflict-preemption issue.  Any thought the court did give to conflict-preemption was entertained under the mistaken belief that circuit precedent required resolution of that issue before it could remand.  The parties did not fully litigate conflict-preemption, so restraint and comity indicate we should reserve the issue for resolution in the first instance by the state court.[23]

---

[22] The court also summarily rejected an overly broad conflict-preemption argument, but the rejection of one argument does not resolve the issue.

[23] We recognize that judicial economy might support resolving the conflict-preemption argument now, because the parties have briefed it on appeal.  Nonetheless, the district court did not abuse its discretion in remanding, even absent resolution of the ordinary-preemption issue, and that issue was not fully litigated in the district court; therefore, we reserve it for the state court.

Comity and the presumption that the state courts are equally capable of addressing federal law solicit restraint when we remand.  As a matter of course, we should decide no more than necessary to determine whether remand is appropriate, and we should leave it to the state court, free of preclusion, to resolve the balance of the case.  *Cf. Marathon*, 145 F.3d at 215-16, 218 (holding

(continued...)

13

NYLCare contends that, irrespective of whether ERISA preempts the causes of action, the district court abused its discretion when it remanded, because Giles is engaging in forum manipulation. We disagree. In *Burks*, we rebuked the plaintiff for forum manipulation, observing that Burks "has tried and failed to delete all of the federal claims from his complaint in order to get the district court to remand. In *Carnegie-Mellon*, 484 U.S. at 350, the Court urged lower federal courts to guard against such manipulation by denying motions to remand where appropriate." *Burks*, 8 F.3d at 306.

Giles appears to have attempted a similar feat. She simultaneously moved to amend to delete her completely-preempted federal claims and moved for remand. Her obvious objective was to change the forum by getting back into state court. We do not see this as forum manipulation, but rather as a legitimate attempt to try her state law claims in the forum of her choice. She did not move to eliminate valid causes of action simply to defeat federal jurisdiction, but only deleted causes of action that ERISA completely preempted anyway. If she had not moved to amend, the district court likely would have dismissed the preempted causes of action eventually, at which time she could have moved to remand

---

[23](...continued)
that, in a removal posture, a district court should address subject matter jurisdiction before personal jurisdiction because a determination of the latter would improperly wrest the decision from the state court).

without being guilty of forum manipulation.

As the district court concluded and we already have agreed, comity favors remand. The order of remand is AFFIRMED.