IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30894
Summary Calendar
_____

JOHN M. ROPER,

                                    Plaintiff-Appellant,

versus

EXXON CORPORATION,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-829-C
--------------------
April 18, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

John M. Roper appeals the district court's grant of summary judgment against him on a complaint he brought against his former employer, Exxon Corporation. Having considered the issue *sua sponte*, we conclude that the district court's exercise of federal jurisdiction over the complaint was proper. See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336-37 (5th Cir. 1999).

Roper argues that Exxon violated LA. REV. STAT. ANN. 23:631 by failing to pay him for six days of illness occurring during a vacation. We agree with the district court that Roper never had

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a vested right to payment for those days because he never provided Exxon with the required medical certification of illness for the days.  See Beard v. Summit Inst. for Pulmonary Med. & Rehabilitation, Inc., 707 So. 2d 1233, 1235 (La. 1998) (holding that an employer is obligated to pay only amounts "due under the terms of employment").

Roper argues that Exxon is obliged to pay him penalty wages and attorney's fees under LA. REV. STAT. ANN. 23:632.  Because Exxon owed Roper nothing for the six uncertified days of illness, no penalties or fees are due him for those days.  In addition, we conclude that summary judgment against Roper was proper as to six days of illness that were properly certified.  Roper's principal piece of evidence, a pay stub showing that he had reported disability days during vacation, is not probative of when Exxon exercised its discretion under the terms of employment to reclassify Roper's vacation time.

Finally, Roper argues that Exxon should have made a seven percent contribution to his thrift fund account on all amounts it paid him at his discharge in lieu of vacation.  The district court held, and we agree, that this is an Employee Retirement Income Security Act claim governed by the terms of Exxon's Thrift Plan.  See 29 U.S.C. § 1132(a).  We also agree that Roper presented no evidence that Exxon's Thrift Plan involved contributions for vacation days.

AFFIRMED.