IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 01-60706 and 01-60707
_____

IVAN O. MORRIS, JR., Individually;
JEFFREY H. MORRIS, Individually;
WILMOT FLYING SERVICE INC.,

                                        Plaintiffs - Appellees,

                    v.

MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY;
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY,

                                        Defendants - Appellants.

_____

Appeal from the United States District Court for the
Southern District of Mississippi, Western Division
USDC No. 5:01-CV-6-BrS
_____

August 16, 2002

Before JOLLY, DUHÉ and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

    This appeal arises out of a series of four related lawsuits that were filed in or removed to the federal district court. Specifically, this appeal involves two of the cases, one which the district court remanded for lack of subject matter jurisdiction

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

(case number 01-60707), and one over which the district court exercised jurisdiction, dismissed the federal claims with prejudice, and remanded the remaining state law claims (case number 01-60706). On appeal, appellants Mississippi Farm Bureau Mutual Insurance Company and Southern Farm Bureau Mutual Insurance Company (collectively, "Farm Bureau") contend that: the district court did not actually remand 01-60707 for lack of subject matter jurisdiction; the district court abused its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims; and the district court erred in failing to identify specifically and accurately each federal claim being dismissed and each state claim being remanded. Because we find that the district court did remand 01-60707 for lack of subject matter jurisdiction, we have no appellate jurisdiction over this case and we grant Wilmot's motion to dismiss the appeal. Finding no error or abuse of discretion in 01-60706, we affirm the district court's rulings in that case.

I

The appellees, Ivan O. Morris, Jeffrey H. Morris, and Wilmot Flying Service, Inc. (collectively, "Wilmot") are the successors in interest to Loch Leven Plantation, which owned six grain bins on the Mississippi River levee in Wilkinson County, Mississippi. During a flood in April 1997, water eroded the foundations of the grain bins and caused them to become unlevel. Loch made a claim for repair of the grain bins under six Standard Flood Insurance

2

Policies (one for each bin) issued by the appellants. Farm Bureau adjusted the claim and paid the proceeds to Loch Leven on August 11, 1997. Wilmot had purchased the property in July 1997, and Loch Leven tendered the proceeds to Wilmot.

When Wilmot purchased the property, the six Standard Flood Insurance Policies were assigned to Wilmot. Loch Leven also had a Standard Fire Policy on the grain bins which was not subject to assignment, so it was canceled when the property was sold and Wilmot purchased a new policy from Farm Bureau. The effective date of the policy was September 21, 1997. Wilmot alleges that Farm Bureau never delivered a copy of this policy to Wilmot.

Subsequently, in October 1997 the ground under the bins sank forty feet and they were destroyed. Wilmot mentioned this loss to Farm Bureau's adjuster, but did not make a claim under either policy for the loss. Farm Bureau states that it heard nothing else about the loss until late in 1999, when Wilmot's attorney began asking for copies of Farm Bureau's claims information.

In April 2000, Wilmot filed suit in the United States District Court for the Southern District of Mississippi, alleging that Farm Bureau had engaged in bad faith conduct by improperly denying a claim for coverage under the Standard Flood Policies for the October 1997 loss. <u>Wilmot Flying Service, Inc. v. Mississippi Farm Bureau Mutual Ins. Co. and Southern Farm Bureau Casualty Ins. Co.</u>, No. 5:00-CV-94-BrS (S.D. Miss.) ("<u>Wilmot I</u>"). Wilmot sought to amend the complaint to add a claim based on the Standard Fire

3

Policy. Wilmot ultimately consented to the entry of summary judgment in this case in favor of Farm Bureau on May 3, 2001.

Farm Bureau filed a companion case for declaratory judgment on the Standard Fire Policy, also in the Southern District of Mississippi. <u>Mississippi Farm Bureau Mutual Ins. Co. v. Wilmot Flying Service, Inc.</u>, No. 5:00-CV-278-Br-S (S.D. Miss.) ("<u>Wilmot II</u>"). This suit has been stayed by order of the District Court.

Wilmot also filed suit on September 29, 2000, in state court in Wilkinson County, Mississippi, alleging bad faith, fraud and concealment based on Farm Bureau's alleged failure to provide Wilmot with a copy of the Fire Policy. On December 28, 2000, Wilmot added a number of federal causes of action to the complaint. On January 16, 2001, Wilmot filed a second amended complaint, without permission, that apparently sought to obviate federal question jurisdiction. Farm Bureau removed the case to federal court on January 29, 2001. The case was in federal court as <u>Morris et al.</u> v. <u>Mississippi Farm Bureau et al.</u>, No. 5:01-CV-6-BrS (S.D. Miss.) ("<u>Wilmot III</u>"; appeal no. 01-60706 here). Wilmot moved to remand. On August 2, 2001, the district court denied Wilmot's motion to remand this case, denied Farm Bureau's motion to strike Wilmot's second amended complaint, *sua sponte* dismissed all federal claims with prejudice, and *sua sponte* remanded the state claims to state court.

On January 16, 2001, Wilmot filed another lawsuit in state

4

court.  The complaint filed in this case was an exact replica of the second amended complaint filed in <u>Wilmot III</u>.  Farm Bureau also removed this case to federal court, as <u>Wilmot *et al.* v. Mississippi Farm Bureau *et al.*</u>, No. 5:01-CV-21-BrS (S.D. Miss.) ("<u>Wilmot IV</u>"; appeal no. 01-60707 here).  On August 6, 2001, the district court granted Wilmot's motion to remand this case to state court.

Farm Bureau timely appealed these cases on August 24 and August 27, 2001, respectively.  The cases have been consolidated on appeal.  Wilmot has moved to dismiss the appeal in <u>Wilmot IV</u> for lack of jurisdiction.[1]

II

In <u>Wilmot IV</u>, the district court stated that it was remanding the case for lack of subject matter jurisdiction.[2]  We do not have

---

[1]Wilmot also has moved to strike Appellants' Brief in Support of Response to Motion to Dismiss, based on Fed. R. App. P. 27(a)(2)(C)(i).  This rule states that "[a] separate brief supporting or responding to a motion must not be filed."  Because Wilmot is technically correct, we GRANT Wilmot's motion to strike Appellants' Brief in Support of Response to Motion to Dismiss.

[2]Specifically, the district court stated:

The Court therefore finds that the defendants have failed to show the existence of a state-created claim that involves the construction of federal law; nor have they shown the existence of a federal element to any of the plaintiffs' claims.  Because of the lack of a federal element, neither the All Writs Act nor the artful pleading doctrine can create federal jurisdiction.  The defendants have failed to meet their burden of proving the existence of a federal question under § 1441(b); therefore, the plaintiffs' motion to remand is well taken.

5

the power to review a remand order based on a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 335-36 (5th Cir. 1999). However, Farm Bureau argues that the remand order is appealable because, even though the district court "nominally" dismissed the case for lack of subject matter jurisdiction, the court in fact addressed the merits of Farm Bureau's claims in its opinion and it thereby "implicitly" assumed jurisdiction. However, we may review a remand order only if the district court "'clearly and affirmatively' relies on a non- § 1447(c) basis." Id. (citations omitted). The district court did not do so here. In addition to the district court's statement that it was remanding these cases for a lack of subject matter jurisdiction, a review of the district court's opinion reveals that it carefully reviewed each claim brought by Wilmot in Wilmot IV and found that there were no federal claims involved and therefore no federal subject matter jurisdiction existed. We therefore grant Wilmot's motion to dismiss the appeal in 01-60707 for lack of appellate jurisdiction.

III

In Wilmot III, the district court exercised jurisdiction over the federal claims[3] and dismissed them with prejudice. The court

---

[3]Although Wilmot III and Wilmot IV involved a dispute over the same series of events, in Wilmot III Wilmot brought a claim under the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4053. The NFIA therefore was the basis for federal jurisdiction in Wilmot III. However, the plaintiffs did not bring any claims under the NFIA in Wilmot IV.

6

declined to exercise supplemental jurisdiction over the remaining state law claims based on 28 U.S.C. § 1367(c), which states that district courts may decline to exercise supplemental jurisdiction over remaining state law claims if "the district court has dismissed all claims over which it has original jurisdiction." We review the district court's decision not to exercise supplemental jurisdiction over the remaining claims for an abuse of discretion. See Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999).

Farm Bureau argues that the district court did abuse its discretion. In determining whether the district court abused its discretion in not retaining supplemental jurisdiction over the remaining state claims, we consider the factors of "judicial economy, convenience, fairness, and comity." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). We ask also if the remaining claims involve any "novel or complex" issues of state law; if so, this weighs in favor of remand. Batiste, 179 F.3d at 227. This court's "general rule" is to decline to exercise pendent jurisdiction over state claims once all federal claims are eliminated from a case. Id.

We note that Wilmot IV already has been remanded for proceedings in state court. It would therefore be a waste of judicial resources for the identical state law claims in Wilmot III to proceed in federal court. Additionally, it would be no less convenient for the parties to proceed in state court than in

7

federal court.  The parties dispute exactly what discovery has been done in this case and what discovery from the other cases could be used in this case.  We do not think that this has a significant impact here.  As a matter of comity, we generally defer to state courts on state law issues.  Although Farm Bureau argues that the state law issues presented here are not complex, it is not clear from the briefs and record before this court whether that is true or not.

In sum, the <u>Carnegie-Mellon</u> factors weigh in favor of remand. The district court did not abuse its discretion in remanding the remaining state law claims.

IV

Finally, Farm Bureau argues that the district court "denied Farm Bureau substantial justice" because its dismissal of the federal claims and remand of the state claims allegedly does not identify exactly which federal or state claims are being dismissed/remanded.  Farm Bureau does not make clear what the legal basis is for its claim that it was "denied substantial justice." Nevertheless, our review of the district court's opinion reveals that the district court did specifically address each federal and state claim raised by Wilmot, and made clear the federal claims it was dismissing and the state claims it was remanding.  The court's opinion is unambiguous.  Farm Bureau's contention has no merit.

V

Based on the foregoing, we GRANT Wilmot's motion to dismiss

8

the appeal in 01-60707 for lack of jurisdiction.  Further, we AFFIRM the district court's rulings in 01-60706.

Appeal DISMISSED in part; AFFIRMED in part.

9