United States Court of Appeals,

Fifth Circuit.

No. 93-5538.

Summary Calendar.

Richard ROZZELL, Plaintiff-Appellant,

v.

SECURITY SERVICES, INC., et al., Defendants,

Security Couriers Inc. and Electronic Data Services Corporation, d/b/a EDS, Defendants-Appellees.

Nov. 25, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before DAVIS, JONES and DUHÉ, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Richard Rozzell (Rozzell) filed suit in state court alleging that Electronic Data Systems (EDS) terminated him in retaliation for pursuing rights under Article 8307c of the Texas Workers' Compensation Act. EDS removed the case to federal court alleging the action was a claim arising under section 510 of the Employment Retirement Income Security Act (ERISA) and therefore satisfied federal question jurisdiction. Plaintiff's motion to remand the case to district court was denied and defendant won a bench trial held on the merits. Because we conclude that removal was improper, we must vacate the judgment and remand the case to state court.

BACKGROUND

In the bench trial, the district court judge made extensive findings of fact, only a few of which are relevant to this appeal.

Rozzell was hired by EDS[1] in November of 1985. Rozzell sustained an injury unrelated to work on March 11, 1990. As a result of the accident, Rozzell was unable to work until July 27, 1990. Rozzell returned to work in a limited capacity on July 30, 1990. On that date, Rozzell allegedly sustained an on the job injury preventing him from continuing further work. Shortly after the alleged injury, Rozzell filed a workers' compensation claim. Rozzell alleges that he was terminated as a result of filing such claim.

Rozzell filed a lawsuit alleging a single cause of action under section 8307c of the Texas Workers' Compensation Act.[2] EDS removed the action to federal court on the grounds that the complaint contained a claim implicating ERISA. Specifically, EDS

---

[1]Rozzell was actually hired by Security Courier Corporation which was purchased by EDS in July of 1988. Such a distinction, however, is irrelevant to the instant case.

[2]Section 8307c provides:

> Section 1:  No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

> Section 2:  A person who violates any provision of Section 1 of this act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

> Section 3:  The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

asserted that because Paragraph Eight of the complaint alleged that plaintiff was wrongfully terminated "to willfully deprive plaintiff of the compensation and benefits of [his] job", plaintiff had implicated the provisions of ERISA. The district judge denied Rozzell's motion to remand based upon his findings that because determination of plaintiff's damages necessitated reference to the ERISA plan, plaintiff's claim was necessarily federal in character and that plaintiff's allegation states a claim under section 510 of ERISA. A claim that relates to an ERISA plan, as the court recognized, is removable from state court.

### DISCUSSION

The Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. § 1001 et seq. (1994 ed.), federally regulates employee benefit plans. ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983), (citing *Nachman Corp. v. Pension Benefit Guar. Corp.,* 446 U.S. 359, 361-62, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980); *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 1899-1900, 68 L.Ed.2d 402 (1981)). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), expressly "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. This preemption clause has been interpreted to be "deliberately expansive ... to "establish pension plan regulation as exclusively a federal concern.' " *Ingersoll-Rand Co.*

3

*v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (quoting *Alessi,* 451 U.S. at 523, 101 S.Ct. at 1906)).

The central preemption determination is whether the state law[3] relied upon in the well-pleaded complaint "relates to" an employee benefit plan. *Ingersoll-Rand,* 498 U.S. at 138, 111 S.Ct. at 482; *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292 (5th Cir.1989). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96-97, 103 S.Ct. at 2899-2900. Therefore, a state law may "relate to" an employee benefit plan even if the law is not designed to affect the plan or does so even in an indirect manner. *Pilot Life,* 481 U.S. at 47, 107 S.Ct. at 1552-53. Nevertheless, the reach of ERISA preemption is not limitless. *See, e.g., Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 841, 108 S.Ct. 2182, 2191-92, 100 L.Ed.2d 836 (1988) (holding that ERISA did not preempt a State's general garnishment statute, even when applied to collect judgments against plan participants); *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 6, 107 S.Ct. 2211, 2214-15, 96 L.Ed.2d 1 (1987) (finding no ERISA preemption even though state law required payment of severance benefits because law did

---

[3]Section 514(c)(1), 29 U.S.C. § 1144(c)(1), defines "state law" as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." ERISA preempts state law causes of action as they relate to employee benefit plans. *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292 n. 5 (5th Cir.1989).

not require the establishment or maintenance of an ongoing plan).

EDS's contention that Rozzell's claim is preempted by ERISA focusses on the use (or misuse) of one word in Rozzell's complaint. Although Rozzell's complaint alleges only one cause of action, retaliatory discharge in violation of section 8307c, he also includes a paragraph seeking punitive damages. In this paragraph, Rozzell alleges that EDS fired him in an attempt "to willfully deprive [Rozzell] of the compensation and *benefits* of [his] job...." (emphasis added). EDS contends that this allegation brings the otherwise state law cause of action within the purview of federal law.

EDS argued, and the district court agreed, that because computation of the plaintiff's damages necessitated reference to the ERISA plan, the claim was pre-empted. This erroneous argument finds its genesis in dicta in *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir.1989). In *Cefalu,* another ERISA preemption case, the plaintiff was employed by the defendant before purchasing a franchise from the defendant. The plaintiff alleged that the defendant breached an oral contract to continue his pension benefits at the same level when he became an independent franchisor as when he was an employee. *Cefalu* held that such a claim was preempted by ERISA and properly removable. In explaining that the lawsuit possessed the requisite relation to an employee benefit plan to justify preemption, the court noted that "[t]o compute [plaintiff's] damages, the court must refer to the pension plan under which appellant was covered when he worked for [defendant]."

5

*Id.* at 1294. This statement does not, and can not, mean that any lawsuit in which reference to a benefit plan is necessary to compute plaintiff's damages is preempted by ERISA and is removable to federal court. *See Burks,* 8 F.3d at 306 (holding that "[a] claim that unlawful termination resulted in loss of benefits is not preempted by ERISA"). Therefore, removal on these grounds was improper.[4]

EDS also argued, and the district court agreed, that plaintiff's allegation that he was terminated in an attempt to deprive him of his benefits sufficiently implicated ERISA to warrant preemption.

Rozzell's complaint, however, alleges only one cause of action, that he was fired by EDS for filing a workers' compensation claim. Under the well-pleaded complaint rule, the court will look past the words in the complaint to the substance of the claim alleged. *See generally Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Viewing Rozzell's complaint in this manner, it remains patently clear that the substance of his claim is limited to the state law retaliatory discharge cause of action. He included the word "benefits" in his accusation of the requisite malice for punitive damages, not as a separate claim for relief. Rather, the allegation of lost "benefits" related back to the

---

[4]A district court in this circuit addressed a virtually identical case in *Addison v. Sedco Forex, U.S.A.,* 798 F.Supp. 1273 (N.D.Tex.1992). While the analysis was thoughtful and extensive, we now overrule *Addison* to the extent it is inconsistent with this opinion.

retaliatory discharge in order to punctuate that wrongful conduct. Therefore, the substance of Rozzell's complaint alleges only one cause of action that is governed exclusively by state law.

EDS urges this court to look to the recent case of *Burks v. Amerada Hess Corp.,* 8 F.3d 301 (5th Cir.1993) for guidance. *Burks* does not favor EDS. In *Burks,* the plaintiff was fired from his job shortly after filing a workers' compensation claim. Burks alleged various state law causes of action. Defendant removed the case to federal court on the grounds of federal preemption. This court reversed the district court's remand of the case to state court, holding that plaintiff's complaint stated an ERISA claim.

In regard to benefits, Burks alleged that defendant's wrongful denial of benefits constituted an intentional infliction of emotional distress. We explained, "This is not a case in which the loss of benefits is merely an element in damages related to a claim for wrongful discharge. Burks's complaint expressly says that—independently of the wrongful discharge—his denial of benefits is illegal under state law."[5] *Id.* at 305. In contrast, Rozzell makes no independent claim that denial of his benefits was illegal under state law. Rather, the loss of benefits is "merely an element in damages related to a claim for wrongful discharge." *Id. See also Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 6, 107

---

[5]*Burks,* 8 F.3d at 306 (citing *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1405 (9th Cir.1988)); *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982) *aff'd mem.,* 742 F.2d 1441 (2d Cir.1983); *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *Morningstar v. Meijer, Inc.,* 662 F.Supp. 555, 557 (E.D.Mich.1987); *Rody v. Midland Enter.,* 685 F.Supp. 129 (M.D.La.1988).

S.Ct. 2211, 2214-15, 96 L.Ed.2d 1 (1987) (explaining that state law must relate to the plan, not merely the benefits for preemption to be appropriate). *Burks,* 8 F.3d at 306. In sum, Rozzell's "well-pleaded complaint" does not state a cause of action which "relates to" an employee benefit plan; removal on such basis was improper.

Based on this discussion, we need not reach Rozzell's alternate contention that because his claim under § 8307c "arises under" state workers compensation law, it is not removable pursuant to 28 U.S.C. § 1445(c) even if it were preempted by ERISA. *See Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091-92 (5th Cir.1991).

For these reasons, the judgment of the district court is vacated and remanded with instructions to remand this case back to state court and to undertake further proceedings not inconsistent with this opinion.

VACATED and REMANDED with INSTRUCTION TO REMAND TO STATE COURT.