IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20375
Summary Calendar
_____


CENOBIO CORONADO; OFELIA CORONADO,
Individually as next friend of Armando,
Alicia, Jorge and Anna Christina, Minors,

                                        Plaintiffs-Appellants,

versus

SCHOENMANN PRODUCE COMPANY;
FARMING TECHNOLOGY, INC.,

                                        Defendants-Appellees,

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-3250
- - - - - - - - - -
January 19, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Cenobio Coronado, with his wife Ofelia as next
friend of their minor children, appeals the district court's
order granting motions for summary judgment by appellees
Schoenmann Produce Co. and Farming Technology, Inc., in his civil
action removed from Texas state court as being preempted by the
Employee Retirement Income Security Act ("ERISA").  Coronado

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that the district court erred in denying his motion to remand the action to state court, on the ground that his action alleging negligence and breaches of implied warranties under state common law did not "relate to" an employee welfare benefit plan ("the plan") that covered him.  See 29 U.S.C. § 1144(a).  Because Coronado in his complaint sought only monetary damages for an on-the-job injury, it was independent from the existence and administration of the plan.  See Hook v. Morrison Milling Co., 38 F.3d 776, 786 (5th Cir. 1994); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21 (1983) (a state action "may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan").  That potential damages might be paid from the plan, or that a computation of damages might necessitate reference to the plan, does not mean that Coronado's state-law claims are preemepted by ERISA.  See Rozzell v. Security Services, Inc., 38 F.3d 819, 822 (5th Cir. 1994).  Accordingly, the district court erred in denying Coronado's motion to remand the case to state court for lack of subject-matter jurisdiction.  See Nickel v. Estate of Estes, 122 F.3d 294, 297 (5th Cir. 1997).

For these reasons, the district court's judgment is VACATED and REMANDED with instructions to remand this case back to state court for proceedings not inconsistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.