**David Edward RABUN, Plaintiff,**

v.

**DAIRY PARTNERS SW, LLC, Shane Evans, Individually and as Area Manager of Dairy Partners SW, LLC, and Jean Jones, Individually and as Supply and Service Manager of Dairy Partners SW, LLC, Defendants.**

No. 3:98–CV–35.

United States District Court,
E.D. Texas,
Paris Division.

July 27, 1998.

William Thomas Allison, II, Sulphur Springs, TX, for Plaintiff.

James David Jordan, Nancy J. Bush, Munsch Hardt Kopf Harr Dinan, Dallas, TX, for Defendants.

### ORDER GRANTING MOTION TO REMAND

SCHELL, Chief Judge.

This matter is before the court on Plaintiff David Edward Rabun's Motion to Remand, filed on June 1, 1998. Defendants Dairy Partners SW, LLC ("Dairy Partners") and Shane Evans, Individually and as Area Manager of Dairy Partners SW, LLC, ("Evans") filed a response to Plaintiff's motion on June 15, 1998. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Plaintiff's Motion to Remand should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

In this lawsuit, Plaintiff seeks redress for wrongs allegedly caused by Defendants through their termination of Plaintiff nearly three years prior to his retirement. Plaintiff originally filed his lawsuit in the 62nd Judicial District Court of Hopkins County, Texas on April 22, 1998. Dairy Partners and Evans removed the case on May 15, 1998, alleging that the Employee Retirement Income Security Act ("ERISA") preempts Plaintiff's state law claims and, therefore, confers subject matter jurisdiction over the causes of action on this court.

Predicating his motion on two distinct grounds, Plaintiff maintains that Defendants' Notice of Removal is defective and requests that the court remand the case back to state court. First, Plaintiff contends that removal was improper because all served defendants failed to join in the removal action within the thirty-day deadline established by 28 U.S.C. § 1446(b). Second, Plaintiff maintains that Defendants' removal was defective because Plaintiff's causes of action arise out of state law and do not depend upon an interpretation of ERISA for success on the merits. Since ERISA does not form the basis for his claims, Plaintiff argues that the statute does not preempt the causes of action, and this court is without subject matter jurisdiction over the case. The court agrees with Plaintiff's contention that ERISA does not preempt his causes of action in this instance. Therefore, the court need not address Plaintiff's first argument.

### II. ANALYSIS

The Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §§ 1001 et seq., provides federal regulation of employee benefit plans. *See Rozzell v. Security Services, Inc.*, 38 F.3d 819, 821 (5th Cir.1994). ERISA is a " 'comprehensive statute designed to promote the interests of employees and their beneficiaries

in employee benefit plans.' " *Id.* (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), specifically states that the provisions of the statute "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. Courts have interpreted the statute's preemption clause as "deliberately expansive ... to 'establish pension plan regulation as exclusively a federal concern.' " *Rozzell,* 38 F.3d at 821 (citations omitted).

■ ERISA's preemptive reach, however, is not without bounds. In order to fall within the ambit of ERISA preemption, a state law cause of action must "relate to" an employee benefit plan. *Id.* (citing *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)). A state law claim "relates to" an employee benefit plan if the claim has a connection with or reference to such a plan. *Id.* Consequently, a state law cause of action may "relate to" an employee benefit plan even though the claim is not designed to affect the plan or does so indirectly. *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

■ In evaluating the "relates to" determination, the Fifth Circuit has stated that the ultimate question is, "if the [plaintiff's] claims were stripped of their link to the pension plans, [would they] cease to exist"? *Rokohl v. Texaco, Inc.,* 77 F.3d 126, 129 (5th Cir.1996). Thus, if the state law claim arises from or finds its basis in the loss of benefits from an ERISA plan, then it "relates to" such plan and is preempted. *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 305 (5th Cir. 1993). However, if the loss of benefits is merely an element of damages resulting from the conduct forming the basis for the state law claim, the cause of action does not "relate to" the employee benefit plan for purposes of ERISA preemption. *Rozzell,* 38 F.3d at 822–23; *see also Burks,* 8 F.3d at 305–06.

In the present case, Plaintiff has essentially pleaded three causes of action. First, Plaintiff claims that he was wrongfully terminated in violation of the laws of the state of Texas when Defendants allegedly fired him without cause in order to make his position available for Defendant Evans' stepbrother. *See* Pl.'s Original Pet. at 4–5. Second, Plaintiff contends that Defendants defamed him through a disparaging report allegedly written by Evans and published to officials of Defendant Dairy Partners. *Id.* at 6. Third, Plaintiff asserts that Defendants' conduct in carrying out his termination amounted to an intentional infliction of emotional distress. *Id.* at 7. Plaintiff contends that, as a result of Defendants' allegedly wrongful behavior, he is entitled to recover damages for, *inter alia,* past and future wages, vacation pay, mental anguish, and retirement benefits. *See generally id.*

In their response to Plaintiff's motion, Defendants focus their attention on Plaintiff's request for retirement benefits as it relates to his first and third causes of action. First, Defendants argue that Plaintiff cannot support a valid wrongful termination claim based on allegations that Defendants' motive for firing him, *i.e.* to replace him with Evans' stepbrother, was improper and that the manner in which they carried out the termination was outrageous. Defendants maintain that, in order for Plaintiff to succeed, he must allege some other compelling factor which the law recognizes as a valid basis for such a claim. Defendants cite the act of terminating an employee in order to avoid payment of pension benefits as an example of such a compelling factor. Defendants, therefore, conclude that Plaintiff's reference to his retirement benefits must be an attempt to allege a pension-defeating motive behind Defendants' actions in this case.

In addition, Defendants maintain that Plaintiff has alleged that they carried out his discharge in such a manner as to indicate an "entire want of care as to the 'rights' of Plaintiff." Defs.' Resp. to Pl.'s Mot. to Remand at 7 (citing Pl.'s Original Pet. at 5). Defendants contend that the "rights" Plaintiff refers to in his petition include his retirement rights. As a result of Defendants' alleged want of care as to the protection of these rights, Plaintiff purportedly suffered emotional distress. Based on this summary of Plaintiff's contentions, Defendants urge that his claim of intentional infliction of emo-

tional distress is based on their alleged denial of his retirement benefits.

If their reading of Plaintiff's pleadings is correct, Defendants contend that his causes of action must necessarily arise from an alleged denial of pension benefits. As a result, Defendants maintain that Plaintiff's state law claims "relate to" an employee benefit plan and, therefore, fall within the ambit of ERISA preemption. The court disagrees.

■ The court agrees with Defendants' assertion that Plaintiff's wrongful discharge claim in his state court petition fails to allege any of the legally impermissible motives commonly relied upon such as race, gender, or age. The petition does not state whether Plaintiff was an "at-will" employee, or whether he enjoyed the protection of some employment contract or other understanding requiring cause for termination. The court notes that in paragraph VII Plaintiff alleges he was discharged "without good cause." Plaintiff further alleges that the motive behind his dismissal, that is to make his position available for Defendant Evans' stepbrother which is presumably not good cause, combined with Defendants' malicious and vindictive conduct in carrying out the discharge gives rise to a valid claim for wrongful termination. Pl.'s Original Pet. at 5. The legal viability of this claim under state law remains to be seen. Nevertheless, it is not until his request for damages that Plaintiff mentions lost retirement benefits. *Id.* at 3, 10. Nowhere in Plaintiff's original petition does he assert that Defendants terminated his employment in order to avoid paying his retirement benefits. Moreover, there is no reference to or reliance upon any federal statute or constitutional provision.

■ As for Plaintiff's claim for intentional infliction of emotional distress, his petition states that he has suffered mental anguish and pain as a result of Defendants' wrongful conduct in terminating his employment.

Pl.'s Original Pet. at 7. The wrongful conduct to which Plaintiff's petition refers includes Defendants' "vindictive and/or ... complete disregard of [Plaintiff's] rights, welfare, and well-being." *Id.* In this phrase, the court finds that Plaintiff isolates the cause of his mental anguish to Defendants' behavior in carrying out his discharge. Specifically, Plaintiff is referring to Defendants' lack of concern for his potential loss of rights, including retirement rights, which could result from the discharge. It is Defendant's lack of concern for rights, not the actual loss of rights, that is the root of Plaintiff's alleged mental anguish. Nowhere in Plaintiff's petition does he allege that the denial of retirement benefits caused his emotional distress in this instance.

The court, therefore, finds that the retirement benefits referenced by Plaintiff in the present case do not form the basis for either his wrongful termination or intentional infliction of emotional distress claims. Rather, Plaintiff merely pleaded such benefits as damages stemming from his wrongful termination claim. As a result, the court holds that Plaintiff's state law claims do not "relate to" an ERISA plan in such a way as to be preempted.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED.[1] Further, the court finds that this case should be REMANDED to the 62nd Judicial District Court of Hopkins County, Texas.[2] It is so ORDERED.

---

**1.** Plaintiff contends that neither his cause of action for wrongful termination nor intentional infliction of emotional distress are based on the denial of retirement benefits. The court notes that, as a result, the doctrine of judicial estoppel prevents Plaintiff from asserting a contrary position based on the wording of his original petition in future proceedings. *U.S. v. McCaskey,* 9 F.3d 368, 378–79 (5th Cir.1993).

**2.** In this case, the court finds that Defendants' removal was based on a non-frivolous interpretation of ERISA. Therefore, the court ORDERS that Plaintiff's request for costs and actual expenses, including attorney fees, incurred as a result of the removal is DENIED.