Paul McCUTCHEON, et al., Plaintiffs,

v.

VALLEY RICH DAIRY, Defendant.

No. Civ.A. 2:99–0926.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 21, 2000.

658

Linda Garrett Dyer and Christopher S. Moorehead Garrett & Vaughan Summersville, WV, for plaintiffs.

Michael F. Urbanski and James R. Creekmore Woods, Rogers & Hazelgrove Roanoke, VA, Charles L. Woody and Eric W. Iskra Spilman, Thomas & Battle Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to remand. The Court **GRANTS** the motion.

### I. FACTUAL BACKGROUND

Plaintiff Paul McCutcheon injured his back while working for Defendant Valley Rich Dairy. He filed a claim for Workers' Compensation benefits, which was held compensable on March 4, 1998. On August 12, 1998 McCutcheon was determined to have reached his maximum degree of medical improvement. When he contacted Valley Rich, however, he was told there were no openings and he would not be reinstated. In February 1998, he was informed his health insurance had been ter-

minated as well, and he received a COBRA letter.

On September 14, 1999 McCutcheon filed a complaint in the Circuit Court of Nicholas County alleging Valley Rich violated *West Virginia Code* 23–5A–3. In addition to the brief factual reference regarding cancellation of McCutcheon's health insurance, the complaint alleged as follows:

11. As a direct and proximate result of the unlawful and discriminatory action of the Defendant, the Plaintiff has sustained, and will sustain in the future, damages in the form of . . . lost insurance benefits for himself and his family. . . .

(Compl.¶ 11.)

Valley Rich removed October 20, 1999. Its removal petition asserts:

3. This action is removable because plaintiffs allege a cause of action that is completely pre-empted by federal law. *See* 28 U.S.C. § 1331.

a. In their complaint, Plaintiffs assert, *inter alia*, that defendant wrongfully terminated plaintiff Paul McCutcheon's insurance benefits for himself and his family. *See* Complaint ¶ 9 and ¶ 11.

b. Because such claim is available, if at all, only under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Accordingly, removal of this action to this Court is proper under 28 U.S.C. § 1441(a).

(Pet. for removal ¶ 3.)[1]

McCutcheon moved to remand. To the extent the complaint is vague on the point, McCutcheon's briefing illuminates he has pled "one (1) cause of action" namely "a wrongful discharge in retaliation for filing a Workers' Compensation claim, pursuant

1. Valley Rich did not premise removal upon   diversity of citizenship.

to West Virginia Code sec. 23–5A–3." (Mot. to remand ¶ 7.) He continues:

> 9. The only reference made to insurance benefits in this entire complaint is the factual assertion contained within paragraph nine (9) that Plaintiff Paul McCutcheon was informed in February, 1998, that his health benefits were terminated and that he received his CO-BRA letter at that same time, and in paragraph eleven (11), where loss of these benefits is specifically stated as a direct damage related to the wrongful discharge.

*Id.* ¶ 9. Finally, he states in his reply brief he "makes no claim to benefits under" ERISA and does not "claim any wrongful denial of benefits." (Reply at 1, 5.) The matter is ripe for disposition.

## II. DISCUSSION

Removal jurisdiction exists only when the Court would have original jurisdiction over a civil action. *See* 28 U.S.C. § 1441(a). Diversity jurisdiction is not asserted here. Hence, removal jurisdiction must exist, if at all, by virtue of federal question jurisdiction. Federal question jurisdiction is present where plaintiff's claims arise under the Constitution or other federal law. *See* 28 U.S.C. § 1331.

2. Defendant is joined by many courts and lawyers in its misperception concerning the reach of ERISA preemption vis-a-vis removal jurisdiction. In its response, Defendant addresses both section 514(a), often referred to as "ordinary" or "relate[d] to[,]" preemption and section 502(a), or "complete," preemption. The substantive preemption provision contained in section 514(a), however, while it may have application in state court on remand, has no application here. A state law claim can "relate to" an ERISA plan and be preempted under section 514(a) and still not be encompassed under ERISA's civil enforcement scheme in section 502(a). Only section 502(a) provides complete preemption, and thus a basis for removal jurisdiction. *See Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542; *Romney v. Lin*, 94 F.3d 74, 80 (2nd Cir.1996); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir.), *cert. denied*, 516 U.S.

Pursuant to the general well-pleaded complaint rule, federal question jurisdiction must be apparent from the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, federal issues raised as defenses, such as preemption, normally cannot provide a basis for removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Supreme Court, however, has fashioned an exception to the well-pleaded complaint rule such that claims falling "within the scope of the civil enforcement provisions of § 502(a) [of ERISA are] removable to federal court" although they "purport[ ] to raise only state law claims." *Metropolitan Life*, 481 U.S. at 66–67, 107 S.Ct. 1542.

The sole question for the Court, then, is whether McCutcheon's claim falls within the scope of section 502(a) such that removal jurisdiction exists based upon the doctrine of complete preemption.[2]

The analysis here hinges on the effect of McCutcheon's allegation in paragraph 11 of his Complaint that he has "sustained, and will sustain in the future, damages in

1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995); *Lister v. Stark*, 890 F.2d 941, 943 & n. 1 (7th Cir.1989); *Lancaster v. Kaiser Found. Health Plan*, 958 F.Supp. 1137, 1144 & n. 21 (E.D.Va.1997).

The distinctions surrounding the subject matter of the instant dispute, where a plaintiff merely makes reference to benefits in his request for damages, are even finer. By example, the instant case is deceptively similar to *Metropolitan*, where a plaintiff alleging, *inter alia*, a workers' compensation retaliation claim sought damages for " 'immediate reimplementation of all benefits and insurance coverages Plaintiff is entitled to[.]' " *Metropolitan*, 481 U.S. at 61, 107 S.Ct. 1542. Among the factors distinguishing *Metropolitan* from this case, however, are (1) the differences in the allegations; and (2) the ongoing controversy in *Metropolitan* concerning plaintiff's right to benefits arising from his disability.

the form of . . . lost insurance benefits for himself and his family . . . ." (Compl.¶ 11.)[3]

In *Rozzell v. Security Services, Inc.,* 38 F.3d 819 (5th Cir.1994), plaintiff alleged he was terminated for pursuing rights under the Texas Workers' Compensation Act. While basing removal on section 510 of ERISA, defendant asserted "that because computation of the plaintiffs' damages necessitated reference to the ERISA plan, the claim was preempted." *Id.* at 822. In reversing the district court's denial of plaintiffs' motion to remand, the court stated:

> Rozzell's complaint . . . alleges only one cause of action, that he was fired by EDS for filing a workers' compensation claim. Under the well-pleaded complaint rule, the court will look past the words in the complaint to the substance of the claim alleged. Viewing Rozzell's complaint in this manner, it remains patently clear that the substance of his claim is limited to the state law retaliatory discharge cause of action. He included the word "benefits" in his accusation of the requisite malice for punitive damages, not as a separate claim for relief. Rather, the allegation of lost "benefits" *related back to the retaliatory discharge in order to punctuate that wrongful conduct.* Therefore, the substance of Rozzell's complaint alleges only one cause of action that is governed exclusively by state law.

*Id.* at 822 (citations omitted); *see also Nutter v. Monongahela Power Co.,* No. 92–47–C, 1993 WL 757336, at *1 (N.D.W.Va. Feb.1, 1993), *appeal dismissed,* 4 F.3d 319 (4th Cir.1993).

Also helpful is our Court of Appeals' decision in *Pizlo v. Bethlehem Steel Corp.,* 884 F.2d 116 (4th Cir.1989). In *Pizlo,* the plaintiffs pursued state law claims for breach of contract, promissory estoppel and negligent misrepresentation. The dis-

trict court concluded the claims were preempted. Although the opinion discusses section 514(a) preemption, its reasoning is applicable here, at least by analogy:

> The claims do not bring into question whether Plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated from employment after an alleged oral contract of employment for a term. *In their state law claims, the Plaintiffs seek from the corporation compensatory damages for wages and pension, health, life and disability benefits that they would have been entitled to had the alleged contract to work until age 62 not been breached. If the Plaintiffs prevail, the damages would be measured in part by the lost pension benefits the Plaintiffs would have received, but the pension trust itself would not be liable and the administrators of the pension plan would not be burdened in any way.* See Fort Halifax Packing, 107 S.Ct. at 2218 (Once "single event" of writing check to compensate plaintiff's [sic] over, employer has no further responsibility); *Schlenz v. United Airlines, Inc.,* 678 F.Supp. 230, 235 (N.D.Cal.1988) (Damage award for lost future benefits nothing more than a "one time, lump sum" payment which does not implicate concerns underlying ERISA); *Totton v. New York Life Ins. Co.,* 685 F.Supp. 27, 31 (D.Conn.1987) (Although amount of recovery could, in part, be measured by benefits the plan would have provided, it does not become an obligation of the plan).

*Id.* at 120–21 (emphasis added).

This is not a case, at least as filed and briefed, where a plaintiff alleges he was either (1) wrongfully or illegally denied benefits; (2) terminated to avoid the payment of benefits or (3) terminated to prevent him from obtaining benefits in the future. Indeed, McCutcheon's loss of *ben-*

---

**3.** The Court deems the statement in paragraph 9 of the Complaint that "Plaintiff was informed that his health insurance had been terminated" as merely a factual assertion with little legal or practical significance for purposes of analyzing whether the claim is completely preempted.

*efits* is more appropriately denominated a loss of *coverage* for benefits to which he speculatively might later become entitled. Consequently, ERISA's civil enforcement scheme does not contemplate a claim for McCutcheon's loss. Further, McCutcheon's loss of coverage appears to merely be a consequence of, rather than a motivating factor for, his discharge.

At bottom, the substance of McCutcheon's claim is for wrongful discharge, a cause of action provided by the West Virginia Workers' Compensation statute, not for the alleged wrongful or illegal deprivation of his benefits under an ERISA-covered plan. Based on these considerations and the foregoing authorities, McCutcheon's claims are not completely preempted. The Court lacks jurisdiction. *See Nutter,* 4 F.3d at 321 (stating "[b]ecause complete preemption was the basis for the district court's jurisdiction, the court's findings regarding preemption and jurisdiction are indistinguishable"). Accordingly, the Court **GRANTS** Plaintiffs' motion to remand.

Accordingly, the Court **REMANDS** this case to the Circuit Court of Nicholas County, West Virginia for all further proceedings. While requested by Plaintiffs, the Court does not deem an attorney fee or cost award appropriate under the circumstances. As noted, the case law is often murky in this area. The remand is fully effective this date, and the Circuit Court may proceed at its discretion.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Clerk of Court for the Circuit Court of Nicholas County.