Michael AUCOIN

v.

**RSW HOLDINGS, L.L.C. d/b/a Vincent's Italian Cuisine, et al.**

**Civil Action No. 06–208–FJP–CN.**

United States District Court, M.D. Louisiana.

Feb. 28, 2007.

---

Kathryn W. Landry, Caprice Ieyoub, Ieyoub & Landry, LLC, Baton Rouge, LA, for Michael Aucoin.

Paul A. Lea, Jr., Robin C. Dunford, Peragine & Lea, LLC, Covington, LA, Charles A. O'Brien, III, Baton Rouge, LA, for RSW Holdings, L.L.C.

### *RULING*

POLOZOLA, District Judge.

This matter is before the Court on a motion for summary judgment[1] filed by defendant RSW Holdings, L.L.C. d/b/a/ Vincent's Italian Cuisine ("RSW"). Plaintiff has opposed the motion.[2] For the reasons which follow, defendant's motion is granted.

## I. Factual Background

Plaintiff Michael Aucoin was employed by RSW and his employment was voluntarily terminated on February 4, 2005. During his employment, plaintiff was cov-

---

**1.** Rec. Doc. No. 19.

**2.** Rec. Doc. No. 29.

ered by a health insurance plan issued through RSW by HMO Louisiana, Inc. d/b/a/ Louisiana Blue Cross Health Plans ("Blue Cross"). Plaintiff alleges his physician determined that he required a tonsillectomy. On March 7, 2005, Blue Cross issued a pre-certification and approval for this surgery to plaintiff's physician and the hospital. Plaintiff was advised after his surgery that his coverage terminated on March 1, 2005, when the Plan itself terminated. RSW alleges the Plan was terminated on March 1, 2005, and plaintiff's non-emergency surgery was not covered by the Plan since plaintiff did not obtain continuation of benefits.

Plaintiff filed this suit against RSW, his former employer, and Blue Cross, the administrator of the Plan. Specifically, plaintiff contends RSW violated Louisiana Revised Statutes 22:215.13 by failing to furnish plaintiff with the written election of continuation form prior to the date plaintiff's insurance would terminate. Plaintiff also filed a claim against RSW for detrimental reliance, alleging he requested the required forms and paperwork on numerous occasions and relied on the assurances of RSW that his coverage would continue. Finally, plaintiff asserts a claim against RSW under Louisiana Revised Statutes 23:631 *et seq.*, for amounts due under the terms of his employment, penalties, and attorney's fees.[3]

In its motion for summary judgment, RSW contends that all of plaintiff's state law claims are preempted by ERISA. The Court now turns to a discussion of plaintiff's claims.

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[6] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[7]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[8] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to

---

**3.** Plaintiff's claims against Blue Cross are not relevant to the disposition of defendant RSW's motion and are not addressed herein.

**4.** Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.,* 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.,* 87 F.3d 755, 758 (5th Cir.1996).

**5.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

See also *Gunaca v. Texas,* 65 F.3d 467, 469 (5th Cir.1995).

**6.** *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2552).

**7.** *Id.* at 1075.

**8.** *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1046–47 (5th Cir.1996).

the facts, or a scintilla of evidence.[9] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[10] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[11] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[12]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[13]

### B. Affirmative Defense of ERISA preemption asserted by RSW

 RSW has filed a motion for summary judgment asserting ERISA preemption as an affirmative defense to plaintiff's state law claims. Plaintiff contends in his opposition that because RSW failed to plead ERISA preemption as an affirmative defense in its Answer, it has waived this defense. Although failure to raise an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure in a party's first responsive pleading generally results in a waiver, this does not preclude a party from asserting the defense in a motion. Where the defense is raised in the trial court in a manner that does not result in unfair surprise or prejudice to the nonmoving party, technical failure to comply precisely with Rule 8(c) is not fatal.[14] Thus, "a defendant does not waive an affirmative defense if he 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'"[15]

 This matter was originally filed in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. Blue Cross timely removed this suit to federal court on the basis of federal question jurisdiction since plaintiff's claim for benefits arises under ERISA and is completely preempted by ERISA as to Blue Cross.[16] Paragraph 11 of the Notice of Removal states: "All defendants who have been served join in this Removal." This case has proceeded under an ERISA case order since July 17, 2006.[17] The Court finds that

9. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

10. *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

11. *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir.1995).

12. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

13. *Id.* at 248, 106 S.Ct. at 2510.

14. *Giles v. General Electric Co.*, 245 F.3d 474, 491–92 (5th Cir.2001), citing *Allied Chem.*

*Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir.1983).

15. *Id.* at 492, quoting *Allied*, 695 F.2d at 856.

16. 29 U.S.C. § 1132(a)(1)(B). The Court notes the claims brought against RSW under the Louisiana insurance statutes and the Louisiana Wage Payment Act appear to involve conflict preemption rather than complete preemption; since conflict preemption does not create federal question jurisdiction, it must be pled as an affirmative defense under applicable jurisprudence. See *Bullock v. Equitable Life Assur. Soc. of U.S.*, 259 F.3d 395, 399 (5th Cir.2001); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir.1999).

17. Rec. Doc. No. 10.

RSW's technical failure to plead the affirmative defense of ERISA preemption in its Answer is not fatal to its assertion of the defense in its motion for summary judgment. Plaintiff cannot in good faith argue that the assertion of this defense is an unfair surprise under the facts and procedural posture of this case.

## C. Preemption of State Law Claims

■ It is well-settled that Section 514(a) of ERISA, 29 U.S.C. § 1144(a), expressly "supercedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. This preemption clause has been interpreted to be "deliberately expansive" and is to be "construed extremely broadly."[18] ERISA preempts a state law claim "if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and if that claim directly affects the relationship between traditional ERISA entities."[19]

■ The central question the Court must determine in an ERISA preemption case is whether the state law relied upon in the well-pleaded complaint "relates to" an employee benefit plan.[20] The words "relate to" are to be given their "broad common-sense meaning" and a state law claim will be preempted if it has "a connection with or reference to such a plan."[21] A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan."[22] Thus, a state law may "relate to" an employee benefit plan "even if the law is not designed to affect the plan or does so even in an indirect manner."[23]

However, "the reach of ERISA preemption is not limitless."[24] Preemption will not occur if the state law "has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."[25]

### 1. Preemption of Louisiana insurance statutes

■ Plaintiff claims RSW violated Louisiana Revised Statutes 22:215.13, which sets forth the requirements for continuance of insurance coverage under Louisiana law. While the general rule is that ERISA preempts any state law which relates to an employee benefit plan, ERISA's

18. *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1328 (5th Cir.1992).

19. *McNeil v. Time Insurance Company*, 205 F.3d 179 (5th Cir.2000), citing *Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 611 (5th Cir.1999).

20. *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292 (5th Cir.1989).

21. *Cunningham v. Dun & Bradstreet Plan Services, Inc.*, 105 F.3d 655 (5th Cir.1996) (citations omitted).

22. *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983).

23. *Rozzell v. Security Services, Inc.*, 38 F.3d 819, 821, (5th Cir.1994)(citing *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1552–53).

24. *Id.* (citing *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 841, 108 S.Ct. 2182, 2191–92, 100 L.Ed.2d 836 (1988)(holding that ERISA did not preempt a State's general garnishment statute, even when applied to collect judgments against plan participants); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 6, 107 S.Ct. 2211, 2214–15, 96 L.Ed.2d 1 (1987)(finding no ERISA preemption even though state law required payment of severance benefits because law did not require the establishment or maintenance of an ongoing plan)).

25. *Cunningham*, 105 F.3d 655, citing *New York State Conference of Blue Cross & Blue Shield v. Travelers Ins.*, 514 U.S. 645, 115 S.Ct. 1671, 1680, 131 L.Ed.2d 695 (1995), quoting *District of Columbia v. Greater Washington Board of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992).

"insurance savings clause" expressly exempts state laws that regulate insurance from preemption.[26] In *Kentucky Ass'n of Health Plans, Inc. v. Miller*, the Supreme Court simplified the test for ERISA conflict preemption. The *Miller* court broke from the McCarran–Ferguson factors it had traditionally applied in determining whether a state statute regulated insurance and survived preemption under ERISA's savings clause.[27] Since *Miller*, a state law is deemed a law which regulates insurance and is exempt from traditional ERISA preemption if the law: (1) is directed toward entities engaged in insurance, and (2) substantially affects the risk pooling arrangement between the insurer and the insured.[28]

Furthermore, the Fifth Circuit has explicitly held that "the mere fact that a statute is part of a comprehensive state insurance code will not exempt it from preemption."[29] In fact, applying Fifth Circuit precedent, the Eastern District of Louisiana has held that a plaintiff's suggestion that claims brought under the Louisiana Insurance Code are automatically saved from preemption "could not be further from the truth."[30] Thus, the Court must determine whether the state insurance statute at issue in this case is preempted by ERISA under the test set forth in *Miller*.

A review of the jurisprudence reveals that *Perry v. FTData* is not only analogous to the case before the Court, but its reasoning is persuasive.[31] In *Perry*, a terminated female employee brought a state court action against her former employer asserting various causes of action. One of these claims alleged a violation of the state requirement that a terminated employee be provided with notice of the right to continuation of coverage under a group insurance plan. The employer removed the case to federal court on the basis that ERISA preempted plaintiff's claim under the Maryland Insurance Code § 15–409 which requires group insurance plans to provide continuation of coverage in the event of termination of employment. The statute also required employers to notify employees of the availability of the continuation of coverage. Plaintiff argued that Section 15–409 did not conflict with ERISA because it is a law regulating insurance and therefore exempt from ERISA preemption under the savings clause.[32]

---

**26.** *Tingle v. Pacific Mutual Insurance Company*, 996 F.2d 105 (5th Cir.1993), citing 29 U.S.C. § 1144(b)(2)(A).

**27.** 538 U.S. 329, 123 S.Ct. 1471, 1479, 155 L.Ed.2d 468 (2003). In *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), the Supreme Court enumerated the requirements a statute must meet to fall within the ERISA insurance savings clause. The Court took a two-pronged approach. First, the Court determined whether the statute in question fitted the common sense definition of insurance regulation. Second, it looked at three factors: (1) Whether the practice (the statute) has the effect of spreading the policyholders' risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is

limited to entities within the insurance industry. If the statute fitted the common sense definition of insurance regulation and the court answered "yes" to each of the questions in the three part test, then the statute fell within the savings clause exempting it from ERISA preemption.

**28.** *Ellis v. Liberty Life Assurance Company of Boston*, 394 F.3d 262, 276 (5th Cir.2005).

**29.** *Tingle v. Pacific Mutual Insurance Co.*, 996 F.2d 105, 109 (5th Cir.1993).

**30.** *Letter v. Unumprovident Corp.*, 2003 WL 22077803, at *1 (E.D.La. Sep.5, 2003).

**31.** 198 F.Supp.2d 699 (D.Md.2002).

**32.** *Id.* at 706.

Although the *Perry* court utilized the pre-*Miller* test, the decision remains relevant since the standard in place today actually simplified the previous test. The *Perry* court found the provision of the insurance code at issue "does not involve only practices within the insurance industry or an integral part of the policy relationship, but mandates an employer's obligation to its employees."[33] The court continued:

> [Section] 15–409 does not regulate the substance of the insurance coverage, but rather regulates an employee benefit plan by providing the same obligation to employers that COBRA does. Therefore, it is not a law regulating insurance and so is not exempt from ERISA preemption. Accordingly, as § 15–409 "relates to" an employee benefit plan for the purposes of ERISA preemption, the second Count III involving a claim under the Maryland Insurance Code is preempted and will be dismissed.[34]

The substance of Section 15–409 of the Maryland Insurance Code is substantially similar to the provisions of Louisiana Revised Statutes 22:215.13 at issue in this case. For the reasons set forth above in *Perry*, the Court finds the Louisiana statute does not "regulate insurance" but rather imposes an obligation on employers parallel to the requirements of COBRA under ERISA. Since continuation of coverage rights were contained in Article XVI of the Plan covering plaintiff at the time of plaintiff's employment, the Louisiana statute "relates to" the Plan for the purposes of ERISA preemption under the facts of this case.

The Second Circuit's decision in *Howard v. Gleason Corporation* is also relevant to the case before the Court.[35] In *Howard*, the wife of a deceased employee brought suit against the employer alleging a violation of a state statute when it failed to notify the employee upon his termination of the option to convert his group life policy to an individual policy.[36] The court held that "ERISA also contains elaborate provisions setting forth the content and timing of notice of such plan information to be given to plan participants."[37] The court further stated the deceased employee had "**obtained these conversion rights pursuant to the Alliance Group Life and Long Term Disability Insurance Plan, an employee welfare benefit plan within the meaning of section 1002(1) of ERISA.**"[38]

Finding ERISA preempted the New York insurance provision, the Second Circuit stated as follows:[39]

> **A state law that purports to impose on an employer obligations of the same general type as those imposed by ERISA cannot be said to have only a "remote" or "tenuous" effect on the plan. The conversion option is a benefit of the Plan,** and section 4216(d) regulates the notice that must be provided to employers concerning the existence and exercise of that option. **The** the holder must be notified of the conversion right within the time specified. *Id.* at 1157.

---

33. *Id.* at 707.

34. *Id.*

35. 901 F.2d 1154 (2d Cir.1990).

36. Specifically, plaintiff claimed the employer violated New York Insurance Law § 4216(d), which requires that where a group insurance policy affords the certificate holder the right to convert the group policy to an individual policy upon the happening of a certain event,

37. *Id.*, citing 29 U.S.C. §§ 1022, 1024(b).

38. *Id.* at 1157 (emphasis added).

39. The *Howard* court also utilized the pre-*Miller* test in determining whether a law regulates insurance within the meaning of the savings clause.

state's notice requirement directly affects a primary administrative function of the benefit plan. It requires employers to permanently track employees and the events that trigger the conversion option and then to send timely conversion notices.[40]

The court concluded the New York notice provision does not "regulate insurance" within the meaning of the savings clause, holding: "[t]he 'common-sense view' reveals that the notice provision is not specifically directed toward the insurance industry. Rather, the notice requirement may be fulfilled either by the group insurance policyholder—here, the employer—or by the insurer."[41] The court stated that to the extent the provision regulates the notice an employer must provide an employee concerning conversion privileges, "it is not directed toward the insurance industry at all, must less 'specifically.'"[42]

Both the factual circumstances and the statutory insurance claim in *Howard* are analogous to the claim Aucoin has brought under the statute within the Louisiana Insurance Code. Applying the *Miller* test to the facts of this case, and for the same reasons set forth in *Howard*, the Court finds that Louisiana Revised Statutes 22:215.13 is not specifically directed towards entities engaged in insurance to the extent that it imposes some obligations on employers who are group policyholders with respect to notifying employees of continuation of coverage rights. The Court

also finds the state's statutory notice requirement directly affects the rights and obligations of the parties arising under the ERISA plan at the time of plaintiff's employment. Thus, the Court holds this claim is preempted by ERISA and summary judgment should be granted in favor of RSW under the law and facts of this case.

## 2. Preemption of Detrimental Reliance Claim

Plaintiff also alleges that he relied to his detriment on RSW's assurances that he would receive the continuation of coverage forms necessary to maintain his health insurance coverage. Detrimental reliance is a state law tort claim. For reasons set forth in *Levine v. Transamerica Life Companies*, RSW's motion for summary judgment is granted.[43]

In *Levine*, plaintiff and her husband had originally obtained a life insurance policy from the defendant through her employer, Tenet HealthSystem Memorial Medical Center, Inc. ("Tenet"). On June 9, 1998, plaintiff's husband drowned in the Mississippi River. Although plaintiff's employment with Tenet ended on November 7, 1997, several months prior to her husband's death, the group policy contained a provision which allowed insureds to convert their group policy into an individual policy after their employment terminated. When plaintiff decided to leave Tenet, "she 'immediately sought to convert her group policy to an individual policy,' but the conversion had to be processed 'through ... Tenet's offices.'"[44] The plaintiff contend-

---

**40.** *Id.* at 1157–58 (emphasis added).

**41.** *Id.* at 1158.

**42.** *Id.* While the court found the New York provision did satisfy the first part of the test, having the effect of transferring or spreading a policyholder's risk, it also found that the provision failed to satisfy the remaining two criteria. The court stated: "Notice by an employer of the pre-existing conversion op-

tion is not integral to the insurer-insured relationship." The court also stated that the notice requirement "is not 'limited to entities within the insurance industry,'" since the provision extends generally to all employers who are group policyholders. *Id.* (citations omitted).

**43.** 2001 WL 333119 (E.D.La. Apr.5, 2001).

**44.** *Id.* at *1.

ed that "[d]espite her vigilance, ... 'Tenet delayed and neglected to make a proper conversion of her policy until March, 1998.' "[45]

Plaintiff brought a state law tort claim of negligence against Tenet. Tenet argued the state law tort claim was preempted under ERISA because it related to an ERISA-covered employee benefit plan. The district court for the Eastern District of Louisiana held that, "[a]lthough life insurance conversion rights are not expressly covered by COBRA, ... Ms. Levine's claim against Tenet **relates to conversion rights contained within an ERISA life insurance policy and to Tenet's duties under the ERISA plan.**"[46]

Similarly, in the case now pending before the Court, the continuation of coverage rights based on termination of employment are expressly found in Article XVI of the ERISA plan entitled "Continuation of Insurance." The terms of this Plan governed the obligations among the parties regarding continuation of coverage and conversion rights while Aucoin was employed by RSW. Since the plaintiff's rights of continuation of coverage are expressly set forth in the ERISA plan, those rights "relate to" the Plan and ERISA preempts the state law tort claim of detrimental reliance. Thus, the Court grants summary judgment in favor of RSW on this claim.

### 3. Preemption of Louisiana Wage Payment Act claim

[redacted] Finally, plaintiff has asserted a claim under the Louisiana Wage Payment Act, Louisiana Revised Statutes 23:631, *et seq.* RSW contends plaintiff's wage claim solely concerns RSW's failure to pay plaintiff's insurance benefits after his employment terminated. RSW further argues plaintiff's wage claim does not concern money due for time worked. RSW contends the plaintiff cannot avoid or alter the Plan by attempting to use state law. The Court agrees and finds this claim is a disguised claim for benefits allegedly due under the terms of the Plan and is preempted by ERISA.

In *Rozzell v. Security Services, Inc.*,[47] the Fifth Circuit addressed the issue of ERISA preemption when an employee sued his former employer for worker's compensation retaliation under the Texas Worker's Compensation Act. The only cause of action alleged was under this Act. Electronic Data Systems ("EDS"), plaintiff's former employer, argued that because computation of the plaintiff's damages would require reference to an ERISA plan to determine the benefits, plaintiff's claim was preempted. The district court agreed.[48]

The Fifth Circuit reversed, explaining that the precedent cited "does not, and can not, mean that any lawsuit in which reference to a benefit plan is necessary to compute plaintiff's damages is preempted by ERISA and is removable to federal court."[49] The court distinguished Rozzell's case stating: "Rozzell makes no independent claim that denial of his benefits was illegal under state law. Rather, the loss of benefits is 'merely an element in damages related to a claim for wrongful discharge.' "[50]

Aucoin's claim is easily distinguished from *Rozzell.* First, the plaintiff concedes

**45.** *Id.*

**46.** *Id.* at *5 (emphasis added).

**47.** *Supra* note 23.

**48.** *Id.* at 822

**49.** *Id. See Burks,* 8 F.3d at 306 (holding that "[a] claim that unlawful termination resulted in loss of benefits is not preempted by ERISA").

**50.** *Id.* at 823, quoting *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 305 (5th Cir.1993).

his termination was voluntary and does not allege that his termination was unlawful in any way. The damages sought by Aucoin are not merely a consequential loss and an element of damages related to the underlying claims. Rather, the loss or denial of health benefits allegedly due under the plan, and any alleged failure on the part of RSW to protect such benefits, is the ultimate alleged wrongful conduct.

Because the loss of health insurance and any failure to comply with the notice requirements related thereto is intricately related to the interpretation and administration of the ERISA plan which governed the rights and responsibilities among the parties to this lawsuit at all relevant times, this claim also "relates to" the Plan and is preempted.[51] This claim also falls within the scope of ERISA's civil enforcement provision because plaintiff seeks relief for an alleged wrongful denial of benefits due under an ERISA plan.[52] It is clear that the complained-of conduct has no relation to any wrongful termination or other employment-related conduct, but only to the ultimate loss or denial of health insurance benefits allegedly due under the plan. Finally, the Fifth Circuit has clearly held that "[a] state law claim addressing the right to receive benefits under the terms of an ERISA plan necessarily 'relates to' an ERISA plan and is thus preempted by ERISA."[53] Accordingly, summary judgment[54] in favor of RSW is proper as to this claim.[55]

### III. Conclusion

For the reasons set forth above, summary judgment is granted in favor of RSW

on all state law claims brought by plaintiff as they are preempted by ERISA.

---

**51.** See Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 946 (5th Cir.1995).

**52.** See 29 U.S.C. § 1132(a)(1).

**53.** Dorn v. International Broth. of Elec. Workers, 211 F.3d 938 (5th Cir.2000), citing 29 U.S.C. § 1144(a).

**54.** The Court has considered all of the claims and contentions of the parties whether specifically discussed herein.

**55.** In granting RSW's motion for summary judgment, the Court is in no way deciding whether plaintiff can recover under the ERISA plan.